DREW, Justice
(concurring specially).
I concur in the judgment of affirmance in this case because I think the only question decided in Hunter v. State, 1923, 85 Fla. 91, 95 So. 115, was that “Except in those cases where the allegation and proof of the precise time are material, a different date from that alleged in an indictment before the return of the indictment and within the statute of limitations may be proved at the trial as the date upon which the alleged crime was committed.” (The quoted language is from the opinion.) In that case, prosecuted under the same statute involved in this case, it was stated: “Every proved instance of intercourse between the defendant and the female person named was in Jackson county, and was prior to the return of the indictment and within the statute of limitations. At the time of the first act of unlawful intercourse the *746 female named was of previous chaste character, if the statement made by her that she had never previous to that time had sexual intercourse with any one else, which was not disputed, was true.” I can see no real — as distinguished from apparent — resemblance between the facts in the Hunter case and the facts in this case. I do not believe it can be logically argued that the Hunter case is authority for the proposition urged by the State that one may be prosecuted under this statute where it appears that he has had previous carnal intercourse with the complaining witness in another jurisdiction but within the statute of limitations.
TERRELL, C. J., and THORNAL and O’CONNELL, JJ., concur.